STATE OF MONTANA,
    Plaintiff,

-vs-

GAVIN GUARDIPEE,
    Defendant.

CAUSE NO. DC-13-152

DECISION

On December 12, 2013, the Defendant was sentenced for Count I: Accountability (Burglary), a felony, in violation of Sections 45-2-301, 45-2-302 and 45-6-204, MCA, the Court defers sentencing for a period of Six (6) years, on the condition that the Defendant serves 173 days in the Lake County Jail and so the Defendant can make restitution; and for Count II: Theft, a misdemeanor, in violation of Section 45-6-301, MCA, the Defendant is committed to the Lake County Jail for a term of Six (6) months with all suspended; the two sentences shall run concurrently with each other but consecutively with the sentences in Lake County Cause Nos. DC-13-153 and DC-13-154; and other terms and conditions given in the Judgment and Commitment on December 12, 2013.

On January 9, 2014, the deferred sentence entered on December 12, 2013, was revoked. The Defendant was sentenced for Count I: Accountability (Burglary), a felony, in violation of Sections 45-2-301, 45-2-302 and 45-6-204, MCA, and for Count II: Theft, a misdemeanor, in violation of Section 45-6-301, MCA, to the Montana State Prison for a term of Twenty (20) years with none of that time suspended. The Defendant shall receive credit for time served on probation holds and this revocation of Four (4) days. The Defendant shall not receive credit for any other elapsed probationary time due to his violations of his probation. The Court recommends the parole board be very strict and explicit with any parole considerations; and other terms and conditions given in the Judgment on January 9, 2014.

On May 8, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present by Vision Net from the Dawson County Correctional Facility in Glendive, Montana. The Defendant was represented by Ed Sheehy, Jr., Montana Office of Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant

was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

It is the unanimous decision of the Division that the Defendant is entitled to 173 days jail credit toward his existing sentence. That jail credit was in the record available to the sentencing judge but was not included in the Judgement. The remaining terms and conditions of the sentence imposed are not clearly inadequate or clearly excessive and are AFFIRMED.

Done in open Court this 8th day of May, 2014.

DATED this 28th day of May, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Brenda Gilbert and Alternate Member Hon. John Warner.